**Samuel A. TANNENBAUM**

v.

**Elvin E. WALKER and Sam Charen.**
**Civ. A. No. 15500.**

United States District Court,
E. D. Pennsylvania.
Oct. 8, 1954.

* N.Y.C.P.A. § 295.

proposition that a party is not entitled to the statement of a witness if the witness is available for oral depositions for in the present case it will be observed that the oral depositions of the witness have already been taken and the witness testified that the statement given by him a few days after the alleged accident is more accurate and detailed than his oral depositions which were taken approximately seven months after the alleged accident. In such circumstance, we feel the proposition, established as it may well be, should not operate, as would appear here, to shut out a more accurate and detailed account of the alleged occurrence than was brought out on oral depositions.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant Sam Charen.

Thomas E. Comber, Jr., Philadelphia, Pa., for defendant Elvin E. Walker.

WELSH, District Judge.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C., the defendant, Sam Charen, filed a motion for the production of the statement given by a witness to plaintiff's prior counsel a few days after the alleged accident.

The facts in support of the motion are as follows: The witness, William R. Singiser, at oral depositions taken December 30, 1953, some seven months after the accident, stated that he was upset for personal reasons, admitted that his depositions were not too clear, and repeatedly referred to his *statement* made a few days *after* the alleged accident which occurred on *June 1, 1953* as being more accurate and more detailed than his then present recollection.

The sole question presented is: "Do the above facts meet the 'good cause' requirement of Rule 34?" We think they do.

We do not consider the conclusion just reached in conflict with the established