UNITED STATES of America

v.

MURPHY COOK AND COMPANY

v.

HELLENIC LINES, LTD.

Civ. A. No. 68–1505.

United States District Court,
E. D. Pennsylvania.

May 7, 1971.

Gilbert S. Fleischer, New York City, for plaintiff.

Roger B. Wood, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This matter involves a party's discovery rights as to documents obtained in anticipation of litigation by his adversary. The action was brought by the United States of America to recover for damage to cargo caused by a fire on board the SS Hollandia on December 19, 1964. Presently before the court is a motion by which the plaintiff hopes to compel the production of certain statements in the possession of the defendant.

On November 12, 1968, plaintiff served interrogatories to be answered by defendant, Murphy Cook and Company. It was not until October 20, 1969, and after an order of court to do so, that defendant filed its answers. Included were 46 names and addresses of designated employees who had been assigned to the loading operation aboard the Hollandia on the day of the fire. There was no specification as to which men were eye witnesses. In the course of its investigation on behalf of the United States, the Federal Bureau of Investigation in January through March, 1970, made efforts to interview seven of those listed. In a supplemental affidavit in support of plaintiff's motion, Gilbert S. Fleischer, a trial attorney in the Admiralty and Shipping Section of the Department of Justice, stated that none of those interviewed professed any knowledge of value to the investigation of the fire. The United States now contends that an undue hardship would result if it were compelled to interview all other men listed by defendant.

The specific statements sought under the present motion are those of John Yurich, Joseph Flynn, John Flynn, Jr., Herman Tilson, and William Williamston, all of which are presently in the possession of defendant's insurer. Although each of these men was interviewed by special agents of the FBI, the United States maintains that little or no information of value was obtained from them. According to Mr. Fleischer's affidavit, the statements in the possession of defendant's insurer may contain more information than the United States could obtain since they were taken contemporaneously with the outbreak of the fire and the substantial equivalent of these materials cannot be obtained by the plaintiff through its own efforts.

Federal Rule of Civil Procedure 26(b)(3) provides that a party may obtain discovery of documents and tangible things prepared in anticipation of litigation by or for another party *only* upon a showing that the party seeking discovery has "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

There is no doubt that production of a statement should be ordered if a witness has a faulty memory and can no longer relate details of the event. Hanover Shoe, Inc. v. United Shoe Machinery Corporation, 207 F.Supp. 407, 409–11 (M.D.Pa.1962). The mere lapse of time is in itself enough to justify production of material otherwise protected as work product. In the instant case, defendant took the statements in question almost immediately after the fire in 1964. No one could expect the memory of the witnesses to be as sharp now as it was then. The notion that memory fades with the passage of time needs no demonstration.

The statement of a witness taken immediately after the accident is a catalyst of unique value in the development of the truth through the judicial process. It should be available to both parties no matter which one obtained it: DeBruce v. Pennsylvania Railroad Company, 6 F.R.D. 403, 406 (E.D.Pa.1947). It is unquestioned that the plaintiff has a substantial need for the statements. The recent interviews have produced little if any useful information. We conclude, therefore, that the government not only would be unable without undue hardship to obtain equivalent factual statements, but that it would be impossible to do so.