**FIDELITY & DEPOSIT COMPANY OF MARYLAND**

v.

**S. STEFAN STRAUSS, INC.**

**Civ. A. No. 69–1031.**

United States District Court,
E. D. Pennsylvania.

May 26, 1971.

John M. Phelan, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Frank & Margolis, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

EDWARD R. BECKER, District Judge.

Before us is plaintiff's Motion for Production of Documents under Rule 34 of the Federal Rules of Civil Procedure, in which plaintiff seeks a written statement allegedly secured by defendant or its insurer from Erwin Cooper, a former employee of defendant.

This discovery motion arises out of a cause of action in negligence resulting from a fire at the home of Mr. and Mrs. Benjamin H. Buchsbaum on March 8, 1968. The plaintiff, as subrogee to the Buchsbaums' claims by reason of payment under an insurance policy, alleges in its complaint that defendant, a plumbing company retained by an agent for the Buchsbaums to perform certain plumbing repairs to the Buchsbaums' home, was responsible for damages from a fire which occurred there a few hours after the repairs. One of the men who worked on the repairs was Erwin Cooper, an employee of defendant, who testified at a deposition that he gave a signed written statement to someone concerning his activities at the Buchsbaums' home on the day of the fire.

In support of its motion, plaintiff alleges that it believes Cooper's statement will enable it to prove that the fire losses resulted from the defendant's negligence, and that since Cooper was an employee of defendant at the time of the fire, it was unable to obtain a statement from him. Plaintiff cites the case of Southern Ry. Co. v. Lanham, 403 F.2d 119 (5th Cir.1968), as authority for the proposition that statements made by a defendant's employees to defendant or defendant's insurance carrier are discoverable by the plaintiff. *Lanham* in-

volved a railroad crossing accident in which the plaintiff sought to discover statements made by defendant's train crew to defendant's insurer shortly after the accident. The court, in granting discovery of the statements, noted that the issue was whether the statements were essential to plaintiff's preparation of the case or whether the desired information could be secured from the witnesses themselves through interviews or depositions. Since the statements were made by defendant's employees, who would be reluctant to fully answer the questions, the court concluded that plaintiff was entitled to the written statements.

Unlike the employees in the *Lanham* case, Cooper left the defendant's employ only one month after the fire. Thus there appears to be no reason to assume that Cooper would then or at any time thereafter have been adverse to giving a full and truthful account to plaintiff of the events in question or of the contents of the written statement. However, no attempt was made to interview or to depose him until thirty months after the fire and sixteen months after instituting the suit.

Federal Rule of Civil Procedure 26(b) (3) provides that:

"[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative * * *. *only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."* (emphasis added).

Although the 1970 amendments to the discovery rules eliminated the "good cause" language previously contained in Rule 34, the Notes of Advisory Committee on Rules indicate that this general language was deleted only because of confusion and controversy. Instead, Rule 26(b) (3) is stated "in terms of the elements of the special showing to be made: substantial need of the materials in the preparation of the case and inability without undue hardship to obtain the substantial equivalent of the materials by other means."

In Guilford Nat'l Bank v. Southern Ry. Co., 297 F.2d 921 (4th Cir.1962), a case factually similar to *Lanham, supra,* the court denied the plaintiff's motion to discover statements made by defendant's crewmen to its claim agent following a train crossing collision on the basis that there was no showing that the witnesses were unavailable or hostile. In discussing the unavailability of the statements, the court noted:

"Plaintiff's final contention is that the written statements are in the exclusive possession and control of the defendant. However, the unavailability of the statements themselves, while necessary if good cause is ever to be shown, does not by itself militate against the fact that the substance of the statements is discoverable by depositions or interrogatories, or perhaps by arranging for interviews with the witnesses." *Id.* at 926–927.

The language of *Guilford* is particularly apropos here. In our view, plaintiff has made insufficient allegations of substantial need and hardship to meet the requirements of Rule 26(b) (3). The allegation that it is entitled to Cooper's statement solely because Cooper was once an employee of defendant is not enough, in view of plaintiff's failure to seek to obtain an interview with Cooper at an earlier stage in the proceedings when he was available. Neither has plaintiff given a persuasive reason for the Court to believe that, under the facts of this case, Cooper's statement would be materially different from his deposition testimony.

There are, indeed, many cases where discovery of the type sought here is

**538**

proper.[1]  However, this is not one of them.  Accordingly, we enter the following order.

### ORDER

Now, this 26th day of May 1971, it is ordered that plaintiff's Motion for Production of Documents is denied.

1.  *See, e. g.,* the opinion of our brother, Judge J. William Ditter in United States v. Murphy Cook & Co., 52 F.R.D. 363 (E.D.Pa., No. 68–1505, May 7, 1971) where defendant was ordered to produce for discovery written statements made by its employees taken shortly after a fire on board a vessel, upon a showing that it was impossible for plaintiff to obtain the information contained in the statements by other means, since not only was it difficult to interview all of the employees (there were 46 involved), but their memories had apparently faded in the considerable period of time since the accident in question.  No such allegation is made here.