Mrs. Betty Jean Lindsey HAMILTON, Individually and as Administratrix of the Succession of Billy Joe Hamilton, Jr. and as a representative for and on behalf of Susan Ann Dunn, and the minor child, Bryan Joseph Hamilton a/k/a Bryan Joseph Dunn, Plaintiffs,

v.

CANAL BARGE COMPANY, INC., and Petrolane Offshore Construction Service, Inc., Defendants.

Civ. A. No. 74–682.

United States District Court, E. D. Louisiana.

Dec. 12, 1974.

Eldon E. Fallon, New Orleans, La., (James O. Ervin, Baton Rouge, Edward F. Wegmann, New Orleans, La. (of counsel), for plaintiffs.

Glenn G. Goodier, New Orleans, La., for defendants.

ALVIN B. RUBIN, District Judge:

The plaintiffs in this matter seek to set aside the Magistrate's order denying their motion to require defendant Petrolane to produce five eyewitness statements, taken the day of the accident by the defendant's insurance adjuster. At the hearing on their motion, the court orally granted their request to see the statement of a witness who was at that time in Scotland, and indicated that it would rule on the other statements after further memoranda were filed. After carefully reviewing the memoranda and the authorities, the court has decided to grant the plaintiffs' motion as to all statements.

Although taken by an insurance adjuster, these statements fall clearly within the Rule 26(b)(3) category of material "prepared in anticipation of litigation." The 1970 Amendments to the Federal Rules of Civil Procedure created this category, including within it items formerly discoverable under old Rule 34 on a showing of "good cause" and abolishing the absolute protections afforded an attorney's "work product." Under the new discovery rules, any material prepared "in anticipation of litigation" may be discovered if certain requirements are met, and the court in ordering discovery must take care that "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" are not disclosed.

In order to discover material that falls within Rule 26(b)(3), a party must show first that he "has substantial need of the materials in the preparation of his case" and second that "he is unable without undue hardship to obtain the substantial equivalent of the materials by any other means."

There is substantial need of these statements; not only are they eyewitness accounts of the accident at issue, in a case where the injured party is no longer alive to give his own account, but they also represent the accounts given by all of the available witnesses. They are not the sort of material directed to a collateral issue, nor the objects of a fishing expedition, that this requirement was designed to eliminate.

The Notes of the Advisory Committee to Amended Rule 26 suggest the factors relevant in determining whether or not the plaintiffs have met the second test, which requires them to demonstrate that the "substantial equivalent" of the statements is not available without "undue hardship":

The court in Southern Ry. v. Lanham, 403 F.2d 119 (5th Cir. 1968), while it naturally addressed itself to the "good cause" requirements of Rule

34, set forth as controlling considerations the factors contained in the language of this subdivision. The analysis of the court suggests circumstances under which witness statements will be discoverable. The witness may have given a fresh and contemporaneous account in a written statement while he is available to the party seeking discovery only a substantial time thereafter. *Lanham, supra* at 127–128; *Guilford* [Guilford National Bank v. Southern Ry., 297 F.2d 921 (4th Cir.)], *supra* at 926. Or he may be reluctant or hostile. *Lanham, supra* at 128–129; Brookshire v. Pennsylvania RR, 14 F.R.D. 154 (N.D.Ohio 1953); Diamond v. Mohawk Rubber Co., 33 F.R.D. 264 (D.Colo.1963). Or he may have a lapse of memory. Tennenbaum v. Walker, 16 F.R.D. 570 (E.D.Pa.1954). Or he may probably be deviating from his prior statement. Cf. Hauger v. Chicago, R.I. & Pac. RR, 216 F.2d 501 (7th Cir. 1954). On the other hand, a much stronger showing is needed to obtain evaluative materials in an investigator's reports. *Lanham, supra* at 131–133; Pickett v. L. R. Ryan, Inc., 237 F.Supp. 198 (E.D.S.C.1965). Advisory Committee's Note, 48 F.R.D. 501.

These factors, as well as others the party seeking discovery may advance, must be interpreted in light of Rule 26's policy that "one side should not automatically have the benefit of the detailed preparatory work of the other side." Advisory Committee's Note, 48 F.R.D. 501.

The plaintiffs here argue that they are entitled to obtain these statements because they give a fresh, contemporaneous account of the accident; the accuracy of deposition testimony, the plaintiffs' alternative, would suffer because of lapse of time. There is substantial authority for this argument:

Indeed, though there are cases to the contrary, there is now substantial authority for the proposition that statements taken from witnesses close to the time of the occurrence are unique, in that they provide an immediate impression of the facts. On this view, mere lapse of time is in itself enough to justify discovery. On the face of it, the *Hickman* case itself might seem to the contrary since the statements sought unsuccessfully in that case were contemporaneous statements. But *Hickman* may be distinguishable on this point, since in *Hickman* plaintiff did have access to the testimony of the survivors before an investigating board, and this testimony was even closer to the date of the accident sued for than were the statements obtained by defendant's lawyer. Thus in *Hickman* both parties did have access to a more or less contemporaneous record of events. The notion that the statement taken nearest to the event will most accurately reflect the perception the witness had of the event is amply supported by psychological studies, as well as by common sense. This fact lends strong support to the argument that lapse of time in itself creates necessity or justification for the production of statements taken near the time of the event. Wright, Federal Courts 367 (2d Ed. 1971).

The psychological authorities that Professor Wright cites lend support to his view of the matter. See Gray et al., Psychology in Use, 2d Ed.1951, p. 242; Dallenbach, The Relation of Memory Error to Time Interval, 1913, 20 Psych.Rev. 323; Hutchins & Schlesinger, Some Observations on the Law of Evidence—Memory, 1928, 41 Harv.L.Rev. 860, 864–867; Gardner, The Perception and Memory of Witnesses, 1933, 18 Corn.L.Q. 391, 393–394.

But they support the argument only to a limited extent, and it is important to note the limits. All of these authorities indicate that the sharpest drop in a witness' ability to recall a scene or an event occurs shortly after he witnesses it—certainly within a day or two. See, e.g., Gardner, supra, 393–94; Strong, Effect

of Time Interval Upon Recognition Memory, 20 Psych.Rev. 393. Thus a statement taken a week after an accident may be much less accurate than one taken a few hours after the accident, but virtually as valuable as one taken a month afterwards.

What the psychological evidence suggests, then, is that these eyewitness statements, taken within hours of the accident at issue, are likely to contain information that no deposition could bring out. These statements must be produced because the plaintiffs are completely unable to obtain their substantial equivalent, not simply unable to obtain them without undue hardship.

 It is important to note, however, that mere lapse of time should normally be enough to require production only of statements given at almost the same time as the accident. Were a statement given a week, or two weeks, after the accident at issue, the court might well require counsel to demonstrate—as they did with respect to the witness in Scotland—that the witness was not available for deposition without undue hardship. If the witness were available, the court might then require counsel to depose him and demonstrate to the court with some specificity just why they expect his statement to supply information his deposition did not. The court could then make an in camera inspection of the statement at issue, comparing it with marked portions of the deposition, to see whether or not the statement does contain additional information. No statement should, I take it, be produced merely because there are minor discrepancies between it and a deposition, to be seized on for impeachment by avid counsel.

But the court need not in this case reach these issues, for it is clear that these almost-contemporaneous eyewitness accounts are discoverable. The court has reached this conclusion, however, only after examining memoranda and being informed of facts not given to the United States Magistrate when he made his determination. Because this practice of reserving the real arguments for the judge makes the discovery system used in this district difficult to administer and the magistrates' task trying, I would in the normal case and will in the future simply refer matters of this kind back to the magistrate for his consideration on the basis of new information and new arguments. I have, however, spoken with the magistrate who decided the motion at issue here, and with his agreement I order his decision denying the plaintiffs' motion for production of these statements set aside. The defendant Petrolane is ORDERED to produce these statements within 5 days.