Settle order.

**Kenneth L. TERIBERY, Administrator of the Estate of Karen Teribery, Deceased**

v.

**NORFOLK & WESTERN RAILWAY COMPANY**

v.

**Oly P. KOCHERA, Administrator of the Estate of Cynthia Ann Kochera, Deceased.**

Civ. A. No. 74–45 Erie.

United States District Court, W. D. Pennsylvania.

June 24, 1975.

Andrew Conner, Edward Wittmann, Erie, Pa., for plaintiff.

Irving Murphy, Will Schaaf, Erie, Pa., for defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF STATEMENTS OF TRAIN CREW

KNOX, District Judge.

In this action involving a grade crossing collision between the automobile in which the plaintiff's decedent was riding and defendant's train, the plaintiff has moved pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel the production of certain documents including:

"a true and correct copy of the statements taken from the train crew involved in the accident of April 10, 1974, by employees working in behalf of the railroad on April 10, 1974, and referred to by the respective train crew in their depositions taken on March 25, 1975."

On June 10, 1975, the court issued a memorandum and order dealing with other requests for production that were included in plaintiff's motion, but reserved decision on the matter of statements of the train crew pending further study.

Rule 34, as amended in 1970, no longer requires a party to show "good cause" before being entitled to inspect and copy documents which are in the possession, custody, or control of another party. Under Rule 26(b)(3), however, when a party seeks to obtain discovery of relevant documents that were prepared in anticipation of litigation or for trial by another party or its representative, discovery is proper only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. If it finds that the moving party has made the required showing under this rule, the court must take precautions to protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party who is compelled to produce the documents.

The accident giving rise to this action occurred on April 10, 1974. Plaintiff's decedent and the driver, the only occupants of the vehicle were both killed. In depositions taken on March 25, 1975, members of the train crew were unable to recall certain facts about the collision, but stated that they had given statements to representatives of the defendant railroad on the day of the accident. Some courts have taken the position that statements secured by a claims adjuster in the regular course of his duties are not prepared in anticipation of litigation but in the regular course of business, and, therefore, the moving party need not satisfy the requirements of Rule 26(b)(3). See McDougall v. Dunn, 468 F.2d 468 (4th cir. 1972). Other courts take the view that such statements fall within the scope of Rule 26(b)(3) because it is reasonable to expect that litigation will result from a railroad accident. See Almaguer v. Chicago, Rock Island & Pacific Rr. Co., 55 F.R.D. 147 (D.Neb.1972).

The court finds that the defendant railroad must produce statements taken from the train crew on the day of the accident because even if we assume that these statements were taken in anticipation of litigation, the plaintiff has satisfied the requirements of Rule 26(b)(3). The question of whether statements obtained from a train crew shortly after a railroad crossing accident are discoverable under Rule 34 was discussed by Judge Thornberry in Southern

Rwy. Co. v. Lanham, 403 F.2d 119 (5th cir. 1968). Although the court was applying the "good cause" requirement of old Rule 34, its reasoning applies equally well to the more specific requirements of present Rule 26(b)(3). The court stated that in view of the fact that plaintiffs' decedents were killed instantly, information concerning the circumstances of the accident from those closely involved was essential to proper preparation of the case. Moreover, given the amount of time that elapsed since the accident, the plaintiffs would not be able to obtain the substantial equivalent of the written statements by deposing the crew because memories would be dimmed. The court, therefore, permitted discovery noting that statements taken from witnesses shortly after an accident constitute "unique catalysts in the search for truth". 403 F.2d at 127–28.

In similar circumstances, our own court has ordered defendants to produce statements of witnesses taken in anticipation of litigation soon after an accident. Pleasant v. Bires (Judge Miller W.D.Pa. 1972), 121 Pgh.L.J. 8 (1973); Tinder v. McGowan (Judge Gourley W.D.Pa. 1970), 119 Pgh.L.J. 286 (1971). See also McDougall v. Dunn, 468 F.2d 468 (4th cir. 1972), (Plaintiff with brain injuries and loss of memory after the accident.) Crowe v. Chesapeake & Ohio Rwy. Co., 29 F.D.R. 148 (E.D.Mich. 1961); DeBruce v. Pennsylvania Rr. Co., 6 F.R.D. 403 (E.D.Pa.1947). See also prior memorandum and order of this court in this very case dated January 24, 1975, as to statements of the train crew following a previous accident at this crossing.

We should emphasize that our conclusion that the plaintiff has substantial need of the statements of the train crew in the preparation of his case and is unable without undue hardship to obtain the substantial equivalent of these statements by other means is based on the specific facts of this case. In particular, the court notes that members of the train crew gave statements to the railroad on the day of the accident; that these train crew members are the only known eyewitnesses to the collision; and that members of the train crew admitted in their depositions taken about a year after the accident that they could not recall certain facts about the collision.

Finally, even though the statements in issue are discoverable, Rule 26(b)(3) requires the court to protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the railroad concerning the litigation. If the defendant considers that any portion of the material ordered to be produced is protected under this rule, it should file an appropriate motion within 14 days in order that the court may review the material in camera.

### ORDER

And now, to wit, June 24, 1975, the court having considered the briefs and arguments of the parties, for reasons set forth in the foregoing memorandum.

It is ordered that the plaintiff's motion to compel production of statements taken from the train crew after the accident of April 10, 1974, is hereby granted and defendant is ordered to produce such statements within 14 days from the date of this order.

It is further ordered that if the defendant railroad considers that these statements contain mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the railroad concerning the litigation, an appropriate motion should be filed within 14 days in order that the court may review the material in camera.