142 N.J. Super. 405 (1976)
361 A.2d 603
LEWIS WERKHEISER, PLAINTIFF,
v.
T.E. WARREN, INC., ET AL, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 28, 1976.
*406 Mr. Francis X. St. John for plaintiff (Messrs. Dietrich, Allen and St. John, attorneys).
Mr. Jay H. Greenblatt for defendant Wheaton Glass Co. (Messrs. Greenblatt and Greenblatt, attorneys).
MILLER, J.C.C., Temporarily Assigned.
This is a motion by plaintiff under the authority of R. 4:10-2(a) to compel a defendant to supply copies of statements of fact witnesses to an accident. The accident occurred June 17, 1973, and the statements were taken early in 1976 of three employees of that defendant who had been witnesses to the accident. There appears to be no doubt that these statements were taken in preparation for trial.
The motion is resisted on the ground that it is protected by R. 4:10-2(c) and that no "substantial need" or "undue hardship" exists justifying disclosure of such statements.
*407 For the reasons set forth herein, these objections are insufficient, and the statements must be supplied.
The Supreme Court stated in Jenkins v. Rainner, 69 N.J. 50 (1976), that "one is hard put to conceive of any non-privileged relevant material which enjoys an unqualified protection against discovery, that favored status of absolute immunity being reserved for `mental impressions, conclusions, opinions, or legal theories' * * *" As Justice Clifford pointed out, the so-called "work product" exception has been whittled down over the years, and properly so. What is presented here is whether or not "good cause" exists to require such disclosure.
The witnesses are, or were, employees of defendant. The accident happened on defendant's premises which obviously thereby had either exclusive or superior control over the circumstances surrounding the event or exclusive or superior opportunity to know or ascertain the facts. In such circumstances good cause for discovery of statements obtained from witnesses clearly exists. Redfern v. American President Lines, Ltd, 228 F. Supp. 227, 231 (N.D. Cal. 1963). As the Fifth Circuit Court of Appeals stated in Southern Ry. Co. v. Lanham, 403 F.2d. 119, 128 (1968), "the employment relationship would appear to create a situation of inequality between the parties with respect to gathering accurate statements. * * *" See further, Teribery v. Norfolk Western Ry. Co., 68 F.R.D. 46, 48 (W.D. Pa. 1975), and Johnson v. Ford, 35 F.R.D. 347 (D. Col. 1964). The application most consistent with the spirit, both with the federal rules and the rules of this State, as evidenced by Jenkins v. Rainner, supra, is that the court should be disposed to grant such discovery as will accomplish full disclosure of fact, eliminate surprise and promote settlement. What must be shown under the requirements of "good cause," R. 4:10-2(c), are such circumstances as to give the court reason to expect that the beneficial objectives of pretrial discovery will be achieved. Cf. Crowe v. Chesapeake and Ohio Ry. Co., 29 F.R.D. 148, 151 (E.D. Mich., S.D. 1961).
*408 It must be specifically pointed out that this decision does not abolish or emasculate R. 4:10-2(c). It is limited to a finding that, as hereinabove stated, the employment status of the witnesses involved constituted the "good cause" required by this rule. Other situations that might conceivably arise will have to be solved on an ad hoc basis.
At the oral argument it was suggested that requiring disclosure of this type of statement would inhibit proper preparation of a case and that defendants' attorneys (and, presumably, insurance carriers) would refrain from taking statements in order that they may not be discovered. Such a position would, of course, place such attorneys and the parties at a considerable disadvantage since they would be depriving themselves of the knowledge essential to the proper preparation of the case for trial. As was pointed out in Southern Ry. Co. v. Lanham, supra, it is not likely that defendants in accident cases will cease taking statements simply to avoid discovery. Such statements are usually essential to the proper defense of the action, and a party would always seek even discoverable evidence rather than lose his case.
This court simply refuses to believe that responsible attorneys would cripple their own case by declining to learn the facts merely because their adversary might also learn the same facts. The days when the practice of law was an exercise in the art of one-upmanship are  or should be  long gone. Jenkins v. Rainner, supra 69 N.J. at 56.
It was suggested that there exists the possibility that an attorney might refrain from causing statements to be taken, interview the witness himself, dictate a memorandum to the file, and claim this as a "work product." This evasive tactic, if employed, is easily checkmated since the factual statement is, by hypothesis, not a "mental impression," and the attorney could be required to disclose the "substance of the facts." See R. 4:10-2(d)(1).
Defendants also point out that having supplied the names and addresses of witnesses, such witnesses then become *409 available either for interview or for deposition. The first answer to this proposition is that it ought to make no difference since the facts can be more economically and quickly brought to light by the use of the statements. The second answer is that this reason is simply insufficient. Johnson v. Ford, supra at 350.
Objection has also been made that requiring disclosure of this type of material might inadvertently reveal mental impressions or other items protected by R. 4:10-2. This objection was met in Teribery v. Norfolk & Western Ry. Co., supra, by the court reserving power to order the material supplied to it for review in camera. This appears to be a logical conclusion if coupled with the reservation that since these are fact witnesses, their opinions, at least, should be inadmissible in any event. The court ought to have little trouble excising such material.
What plaintiffs are pursuing, as all parties should, is an exposure of the facts. When the true facts are displayed, experience both in and out of court has long since dictated that matters in controversy are disposed of with promptness and justice. As has been wisely said, "`the truth is always the truth, and telling the truth will not hurt anyone except insofar as he ought to be hurt.'" In re Vince, 2 N.J. 433, 448 (1949); National Freight, Inc. v. Ostroff, 133 N.J. Super. 554 (Law Div. 1975).
If defendant conceives that the statements contain mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant concerning the litigation, an appropriate motion should be filed promptly and, if so, the court will review the statements in camera and rule accordingly. Teribery v. Norfolk & Western Ry. Co., supra.
An appropriate order may be presented.