**John POLLOCK, Appellant,**

v.

**DEERE AND COMPANY, a corporation, Appellee.**

No. 62659.

Supreme Court of Iowa.

Aug. 29, 1979.

---

Michael A. Stapleton, of Klauer, Stapleton, Ernst, Gilloon & McCauley, Dubuque, for appellant.

J. Wilson McCallister and M. M. Cooney, of Cooney, McCallister & Zwack, Dubuque, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, McCORMICK and McGIVERIN, JJ.

REES, Justice.

The plaintiff, John Pollock, appeals from an order granting summary judgment for the defendant in his action based in fraud allegedly perpetrated upon Pollock in defendant's operation of an employee suggestion program. He contends that the district court misconstrued Iowa R.Civ.P. 215.1 in granting summary judgment, and also erred in sustaining defendant's objection to the plaintiff's request for the production of documents and in quashing plaintiff's subpoena duces tecum regarding the same documents. We conclude the district court erred in entering an order of summary judgment for the defendant and remand for further proceedings.

John Pollock was employed by the defendant, Deere and Company, at its Dubuque plant for 31 years until his retirement in 1977. In March of 1956 he submitted a proposal pursuant to Deere's then existing suggestion plan under which an overhead cost factor would be added to all purchased parts or components. He was subsequently told that he was not eligible under the suggestion plan due to his posi-

tion with the company as a layout designer. In 1962 an accounting procedure which allocated an overhead cost factor to each purchased part was instituted at the Dubuque plant. Pollock contends that he was defrauded by the company in that he was actually eligible for an award under the plan and alleges that he did not learn of the misrepresentation until November 24, 1971. The current action, based upon the alleged fraud, was initiated on November 9, 1976.

Pollock first brought suit on a contract theory of recovery in the federal district court in 1971. That action was dismissed on April 2, 1973 for want of the requisite jurisdictional amount. Thereafter, two separate petitions were filed in the district court in Dubuque, varying slightly in their allegations. These suits were both dismissed under Iowa R.Civ.P. 215.1 for lack of prosecution on February 2, 1976.

I. We must determine the preclusive effect, if any, of these rule 215.1 dismissals in addressing this first issue. In granting defendant's motion for summary judgment, the district court ruled that "under the provisions of R.C.P. 215.1 any dismissal without prejudice in an action that had been previously dismissed constitutes an adjudication against the merits against Plaintiff." We do not find the language of rule 215.1 to support this conclusion.

■ Nowhere in the rule[1] is mention made of any dismissal pursuant to the rule being other than "without prejudice". Iowa R.Civ.P. 215, regarding voluntary dismissals, would require a second *voluntary* dismissal to be an adjudication on the merits of the action. Rule 215.1 does not contain a similar provision regarding second dismissals.

Deere argues that allowing a plaintiff to bring a new action after a rule 215.1 dismissal is to render the reinstatement language of the rule meaningless, citing *Baty v. City of West Des Moines*, 259 Iowa 1017, 147 N.W.2d 204 (1966) and *Werkmeister v. Kroneberger*, 262 N.W.2d 295 (Iowa 1978). The reinstatement provision relates only to those actions which are being reinstated, that is, only to those actions sought to be continued from the initial date of filing. In such a manner statute of limitations problems could possibly be avoided when an action based on a new petition would other-

---

1. 215.1. Uniform rule for dismissal for want of prosecution. It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time.

All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in rule 82 of:
   (a) the docket number,
   (b) the names of parties,
   (c) counsel appearing,
   (d) date of filing petition,
and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. This rule shall not apply to cases (a) pending on appeal from a court of record to a higher court or under order of submission to the court; (b) in which proceedings subsequent to judgment or decree are pending; (c) which have been stayed pursuant to the Soldiers and Sailors Civil Relief Act [40 Stat.L. 440; now covered by 50 U.S.C.App. § 501 et seq.]; (d) where a party is paying a claim pursuant to written stipulation on file or court order; and (e) awaiting the action of a referee, master or other court appointed officer; provided, however, that a finding as to "a" through "e" is made and entered of record. The case shall not be dismissed if there is a timely showing that the original notice and petition have not been served and that the party resisting dismissal has used due diligence in attempting to cause process to be served.

No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date certain.

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

wise be barred. To rule as Deere argues would, in effect, nullify the nonprejudicial nature of the dismissal which is also mandated by the rule.

The case of *Windus v. Great Plains Gas*, 254 Iowa 114, 116 N.W.2d 410 (1962) provides dispositive guidance as to the preclusive effect of a 215.1 dismissal. After noting that the dismissal and entry of judgment for costs was, absent subsequent revival, a final judgment as to the *then pending* action, the Court states: "A dismissal without prejudice leaves the parties as if no action had been instituted. It ends the particular case but is not such an adjudication in itself as to bar a new action between the parties." 254 Iowa at 124, 116 N.W.2d at 415–16. We also made clear that a rule 215.1 dismissal cannot be equated with a rule 215 voluntary dismissal. 254 Iowa at 124, 116 N.W.2d at 416.

■ We therefore hold that the trial court erred in granting Deere's motion for summary judgment. Rule 215.1 does not include the language alluded to by the trial court. Neither does a rule 215.1 dismissal in and of itself preclude or bar the filing of a new action between the parties. Our cases involving the reinstatement provisions of 215.1, *Baty* and *Werkmeister*, do not mandate a different result.

■ II. Deere presented several alternative bases for summary judgment to the trial court, including the statute of limitations, laches and estoppel, and presents them anew on appeal. Viewing the entire record, as we must, in the light most favorable to the non-moving party, *Drainage District No. 119 v. City of Spencer*, 268 N.W.2d 493, 499–500 (Iowa 1978), we cannot say that the defendant is entitled to judgment as a matter of law at this stage of the proceedings. Sufficient questions of fact exist regarding the statute of limitations and construction of the terms of the suggestion plan to require further proceedings.

III. Finding that the case must be remanded for further proceedings, we address an additional issue raised by the plaintiff whether the trial court abused its discretion

in denying Pollock's request for the production of documents. This claim was partially reiterated in a subpoena duces tecum served upon several Deere employees, which was also denied. For purposes of this appeal, we find it adequate to discuss the trial court's ruling on the motion for the production of documents pursuant to Iowa R.Civ.P. 129.

■ Initially we note that our discovery rules are to be liberally construed to effectuate the disclosure of relevant information to the parties. *Schroedl v. McTague*, 169 N.W.2d 860, 865 (Iowa 1969). The trial court has wide discretion in ruling upon the discoverable nature of requested information and will not be reversed unless an abuse of discretion is found. *Jones v. Iowa State Highway Commission*, 261 Iowa 1064, 1067, 157 N.W.2d 86, 87 (1968).

The plaintiff sought inspection of certain of defendant's records including the parts catalogues for each model of tractor, implement or power unit produced at the Dubuque plant in 1961 and 1962 and the cost summary sheets for the plant from those years. From this data he would purport to show the benefit derived by Deere by apportioning overhead cost to each part and establish the proper measure of damages.

■ The trial court denied plaintiff's request on the interrelated grounds of limited relevance and the resulting inconvenience and burden on Deere. We do not agree that the documents requested are of such limited relevance and the burden on Deere so great that discovery should not have been allowed. We conclude that the trial court abused its discretion in barring all inspection of the documents.

The evidence sought was clearly relevant, both to showing the benefit of the accounting change to defendant and possibly enabling the plaintiff to frame his damages. The documents were thus well within the scope of discovery set forth in Iowa R.Civ.P. 122. We have also previously stated that discovery is designed to enable preparation for trial, as well as to aid in the development of proof. *Allen v. Lindemann*, 259

Iowa 1384, 1395, 148 N.W.2d 610, 617 (1967). *See also, General Instrument Corp. v. General Diode Corp.,* 41 F.R.D. 1, 3 (D.Mass. 1966). These purposes would be served by not barring all discovery of these documents.

■ We turn to the court's conclusion that the burdensomeness of plaintiff's request required its denial. Deere presented substantial testimony, not uncontroverted by the plaintiff, regarding the inconvenience which such access would cause the relevant record departments. Included were estimates that production of the requested documents would require months of screening materials and scanning microfiche and testimony that the documents were needed for the daily operation of the plant due to the nature of the cataloguing system. When viewed relative to the plaintiff's proposed method of examination, it becomes apparent that the burden upon Deere could be minimized and the interests of both parties accommodated. A certain amount of inconvenience inheres in discovery and must be tolerated by the parties. *Iowa Farm Credit Corp. v. Hutchinson,* 207 Iowa 453, 460, 223 N.W. 271, 274 (1929). Pollock proposed to do the examination of the documents himself at the Deere plant where the plant employees would have access to the documents when necessary. Pollock would also pay the costs of reproducing any documents. We do not list this proposal as a mandatory solution, only as an illustration as to how the interests òf the parties can be accommodated.

■ These means are well within the scope of options available to the trial court in framing a protective order pursuant to Iowa R.Civ.P. 123. We note in passing that objections to the production of documents, such as undue burden or expense, which are listed in rule 123 are best brought before the court as a motion for protective orders rather than as objections to production under rule 130. Of particular import would be the resulting notice to the parties and the court of the applicability of the burden of showing good cause which is placed upon the resisting party pursuant to rule 123.

While we do not purport to frame the precise scope or conditions of discovery and leave that matter to the trial court and the parties, we hold that the trial court abused its discretion in completely barring production of documents relevant to the case at bar. Although completely barring discovery is an available option under rule 123, we find the facts of this case inappropriate for such action.

Professor Moore, in commenting upon the analogous federal rule has noted that rare would be the occasion that discovery of documents would properly be precluded rather than limited. 4 Moore's *Federal Practice* ¶ 26.69, at 26–505–06 (2d ed. 1979). *See Dix Theatre, Inc. v. Metro-Goldwyn-Mayer, Inc.,* 36 F.R.D. 15, 17 (E.D.N.Y. 1964); *Service Liquor Distributors v. Calvert Distillers Corp.,* 16 F.R.D. 507, 509 (S.D.N.Y.1955). Rather, burdensomeness may, upon a proper showing, be a basis for limiting discovery, *Stark v. Photo Researchers, Inc.,* 77 F.R.D. 18, 21 (S.D.N.Y.1977), as could be done pursuant to Iowa R.Civ.P. 123, when appropriate.

Still, the federal trend has been to allow discovery, sometimes subject to a protective order. *See Alliance to End Repression v. Rochford,* 75 F.R.D. 441, 447 (N.D.Ill.1977); *Biliske v. American Livestock Insurance Co.,* 73 F.R.D. 124, 126 (W.D.Okl.1977); *United States v. American Optical Co.,* 39 F.R.D. 580, 586–87 (N.D.Cal.1966). Thus our result is consistent with that which we feel would be reached under the federal rule.

Concluding that the trial court erred in granting summary judgment and limiting plaintiff's discovery, we reverse the order of summary judgment and remand this case for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**