CHARLENE BRANCA, PLAINTIFF, v. SHORE MEMORIAL HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, AND OTIS ELEVATOR COMPANY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided November 19, 1981.

*Edward R. Doughty* for plaintiff (*Subranni & Doughty*, attorneys).

*Randolph C. Lafferty* for defendant Shore Memorial Hospital (*Steedle, Megargee, Youngblood, Franklin & Corcoran*, attorneys).

EDWARD S. MILLER, J. S. C.

This matter is before the court on plaintiff's motion to compel discovery by defendant Shore Memorial Hospital of the statement of a fact witness to an accident.

On March 16, 1980 plaintiff Charlene Branca was a visitor at the hospital. The elevator she took to the main floor allegedly stopped two feet above floor level, whereupon she stepped out, fell and fractured her right arm. Security Guard Michael Savino arrived at the scene moments after plaintiff's fall.

Emergency room records indicate that Savino saw the elevator stopped above floor level. Savino was employed by Cressman Detective Agency, an independent contractor retained by Shore Memorial to perform security services in the hospital. Shore Memorial asserts that Savino was not employed by it, but by Cressman, and therefore not under its direct control.

A claims representative from Shore Memorial's insurance carrier took a statement from Savino on September 10, 1980 in preparation for litigation. The statement is now in possession of counsel for Shore Memorial. Plaintiff has demanded copies of any statements made by Savino, which demand has been refused. Plaintiff now moves to compel discovery pursuant to *R.* 4:10–2(c), citing *Werkheiser v. Warren*, 142 *N.J.Super.* 405 (Law Div. 1976).

Opposition to the motion is based on two grounds. First, defendant argues that since Savino was not an employee of Shore Memorial, the rule of *Werkheiser*, that a party may discover the statement of a party's employee, is not applicable. Second, it is urged that the showing of "substantial need" and "undue hardship" required by *R.* 4:10–2(c) has not been made.

These objections are ineffective since this case is within the penumbra of *Werkheiser*. There is only one insignificant factual difference with the case at hand. In *Werkheiser*, the witnesses whose statements were sought were employees of defendant. It was found that such an employment relationship created " 'a situation of inequality between the parties with respect to gathering accurate statements.' " *Id.,* 142 *N.J.Super.* at 407 citing *Teribery v. Norfolk & Western Ry. Co.*, 68 *F.R.D.* 46, 48 (W.D.Pa.1975). Here Savino was employed by a firm retained by defendant, but working on the hospital premises. The relationship between Savino's employer and the hospital is so close that the reasons which compelled discovery in *Werkheiser* apply here.

It is to be kept in mind that Savino is a fact witness. "Our court system has long been committed to the view that essential

justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts." *Jenkins v. Rainner,* 69 *N.J.* 50, 56 (1976). Should the statement contain mental impressions or legal opinions, as protected by *R.* 4:10–2, defendant may request that it be reviewed in camera by the trial judge. *Werkheiser v. Warren, supra,* 142 *N.J.Super.* at 409; *Franklin v. Milner,* 150 *N.J.Super.* 456 (1977); *Teribery v. Norfolk & Western Ry. Co., supra,* 68 *F.R.D.* at 18.

There is simply no justification for any party to retain to himself knowledge of pertinent facts. This process returns litigation to the status of a poker game. Justice is only served when the truth is revealed. Let discovery be made.