505 P.2d 1060

**Charles TURY and Florence A. Tury, husband and wife, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona et al., Respondent;**

**Edward BROOKS and Hermine Brooks, husband and wife, Respondent Real Parties in Interest.**

**No. I CA–CIV 2213.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 6, 1973.

Richmond, Ajamie, Fay & Warner by Jack C. Warner, Phoenix, for petitioners.

Hughes, Hughes & Conlan by Coit I. Hughes, Phoenix, for respondents.

HAIRE, Judge.

Charles and Florence Tury (husband and wife) have filed a special action in this Court seeking extraordinary relief in the nature of prohibition. The relief requested requires that this Court consider the circumstances under which a party's written statement may be withheld by the opposing party.

The Turys filed a personal injury action against the respondent real-parties-in-interest, Edward and Hermine Brooks, for injuries allegedly suffered by Mrs. Tury as a result of an encounter with the Brooks' dog. Mrs. Tury gave statements, both written and electronically recorded, to agents of the Brooks' insurer on two occasions before she retained an attorney and filed her personal injury claim.

On July 21, 1972, the Turys, pursuant to Rule 26(b), Rules of Civil Procedure, 16 A. R.S., requested that they be given copies of the statements. The Brooks, through their attorney, refused to produce the statements until after Mrs. Tury had been deposed. Subsequently, the Brooks noticed Mrs. Tury's deposition, and upon advice of her attorney she refused to appear.

The Turys then filed a motion for production of the statements, relying upon Rule 34, Rules of Civil Procedure, 16 A.R. S. The respondent judge denied the motion. The trial court's order, as stated in the minute entry order of October 20, 1972, was that Mrs. Tury's deposition could be renoticed and taken without having to turn over the statements as a condition precedent to the taking of the deposition. The Turys subsequently filed this special action seeking relief from the disposition made by the trial judge.

■ Rule 26(b)(3) of the Arizona Rules of Civil Procedure, 16 A.R.S., as amended in 1970 provides in part that:

"... a party may obtain discovery of documents and tangible things ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his ... insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. ...

*"A party may obtain without the required showing a statement concerning*

*the action or its subject matter previously made by that party. . . . For purposes of this paragraph, a statement previously made is* (A) *a written statement* signed or otherwise adopted or approved by the person making it, *or* (B) a stenographic, mechanical, *electrical, or other recording,* or a transcription thereof, *which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.*" (Emphasis added).

Clearly Mrs. Tury is entitled to receive her previous statements. However, the Brooks argue that she should not receive them until after she has been deposed so that they can have the benefit of her unrefreshed recollection at the time of the deposition, and perhaps use the earlier statements for impeachment.

The Arizona Rules of Civil Procedure are taken from the federal rules. The federal authorities are uniform in allowing a party an absolute right to a copy of any statements made by the party prior to the retention of counsel. 8 Wright & Miller, Federal Practice and Procedure § 2027 (1970). Some federal courts, however, have allowed a party to postpone the production of a party's statements until after a deposition has been taken to prevent the party from tailoring deposition testimony to earlier statements. *See e. g.,* McCoy v. General Motors Corp., 33 F.R.D. 354 (W. D.Pa.1963); Smith v. Central Linen Service Co., 39 F.R.D. 15 (D.Md.1966). These cases were decided before the latest revisions of Rule 26 (both federal and Arizona). However, there is dicta to the effect that the same rule will be followed by some courts at present. *See* Fernandes v. United Fruit Co., 50 F.R.D. 82 (D.Md. 1970).

We believe that the Arizona case law and the spirit of the new rules command a contrary result. In Watts v. Superior Court, 87 Ariz. 1, 347 P.2d 565 (1959), the Arizona Supreme Court explicitly rejected, as a justification for delaying discovery, the argument that recovery of a party's prior statements might cause him to change subsequent testimony or render the statement worthless for impeachment purposes. The court stated:

"We fail to understand how the petitioner could in any way be harmed or deprived of any defense by producing a copy of the statement. If the statement given by the plaintiff at the hospital is the true version of the occurrence, how can the petitioner be harmed if plaintiff's testimony at the trial is consistent with the statement.

"In the event the statement contains admissions made by the plaintiff which are material to the defense of petitioner, these remain unchanged by producing the statement for inspection, and would still be admissible upon a proper showing." 87 Ariz. at 5, 347 P.2d at 567.

We believe that this conclusion is supported by the newly amended Rule 26(d) which provides that:

"Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and *the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.*" (Emphasis added).

■ The burden of persuasion is upon the objecting party to show that discovery should not be made. Cornet Stores v. Superior Court, 108 Ariz. 84, 491 P.2d 1191 (1972). Since the Brooks have not produced any *valid* reason why Mrs. Tury's statements should not be made available, we are of the opinion that they must be produced and that they cannot be withheld pending the taking of Mrs. Tury's deposition.

The trial court's order of October 20, 1972, is hereby vacated. We further direct that petitioners are entitled to copies of Mrs. Tury's statements prior to the taking of her deposition.

JACOBSON, C. J., Division 1, and EUBANK, P. J., Department B, concur.