544 P.2d 204

**William BUTLER and Joanna Jean Butler, husband and wife, Petitioners,**

**v.**

**The Honorable Lawrence H. DOYLE, Jr., Judge of the Superior Court of Arizona, Maricopa County, Donald E. Lee and Bette Ann Lee, husband and wife, Donald A. Davis and Jeanne Davis, husband and wife, Respondents.**

No. 12293.

Supreme Court of Arizona, In Banc.

Dec. 31, 1975.

Browder & Gillenwater, by Robert W. Browder, Keane & Vermeire by Albert R. Vermeire, Phoenix, for petitioners.

Jones, Teilborg, Sanders, Haga & Parks, by Frank A. Parks and James R. Broening, Phoenix, for respondents Lee.

Burch, Cracchiolo, Levie, Guyer & Weyl, by Kenneth C. Weyl, Phoenix, for respondents Davis.

HOLOHAN, Justice.

Petitioners by special action challenge the order of the respondent judge denying discovery of statements given by respondent physicians, Lee and Davis, to their insurance carrier.

Petitioners are plaintiffs in a malpractice action against the respondent physicians. Prior to the filing of petitioners' complaint in the superior court, each of the respondent physicians prepared handwritten statements for their insurance carrier. The statements pertained to the care and treatment of petitioner Joanna Butler by the respondent physicians. After the filing of the complaint by petitioners, a request to produce the statements was served on respondents, and they objected to the production of their statements.

Petitioners filed a motion for an order compelling discovery. The respondent physicians resisted the motion alleging that their statements were not discoverable because they were trial preparation material, protected by Rule 26(b)(3) of the Rules of Civil Procedure, and the statements were privileged communications pursuant to A.R.S. § 12–2234 (attorney-client privilege). The respondent judge denied dis-

covery on the grounds that the statements were trial preparation material. This special action followed.

In *State Farm Insurance Co. v. Roberts,* 97 Ariz. 169, 398 P.2d 671 (1965) a statement given to an adjuster for the insurance carrier was held not to be the work product of the adverse counsel. Since the decision in that case there has been a revision in the civil discovery rules. As amended, the first paragraph of Rule 26(b)(3) provides:

"(3) *Trial preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

The purpose of the amendment is described as:

"The 1970 amendment also resolves some disagreement in the cases about material obtained by a party's indemnitor. It has always been clear that an attorney retained by an insurance company to represent a party enjoys the same immunity as an attorney retained directly by the party. Indeed in the Hickman case itself the lawyer involved was retained both by the tug owners and by their underwriters. Rule 26(b)(3) protects documents prepared for litigation by or for a party's representative, including his indemnitor or insurer. Thus it will now be clear that a report from the insured to the insurer is within the immunity as also will be statements obtained by investigators for the insurer.

"The 1970 amendment extends the work product protection to documents and things prepared for litigation or trial by or for the adverse party himself or his agent. Prior to the amendment some cases held that documents of this kind were not within the immunity." (Footnotes omitted.) Wright & Miller, Federal Practice and Procedure: Civil § 2024, at pp. 206, 207.

The amended rule covers documents prepared in anticipation of litigation for the party's representative which would include the insurer. The rule, however, makes such material discoverable upon a showing of substantial need and inability without undue hardship to obtain the substantial equivalent by other means.

Petitioners contend that they have met the requirements of Rule 26(b)(3). We agree. The statements prepared by the physicians giving a summary of their care of the patient are important to the preparation of petitioners' case. Statements given shortly after an occurrence are unique and can never be duplicated precisely. *Guilford National Bank of Greensboro v. Southern Ry. Co.,* 297 F.2d 921 (4th Cir. 1962); *Jolly v. Superior Court of Pinal County,* 112 Ariz. 186, 540 P.2d 658 (1975). The statements are more than impeachment material, for they may contain admissions helpful to the case of petitioners. There is no doubt that a sufficient showing for discovery was made.

■ Respondents, however, argue that the trial judge did not rule on their claim of privilege, and the material sought to be discovered is privileged which makes a discussion of substantial need and unavailability of the substantial equivalent irrelevant. Rule 26(b)(1) recognizes that privileged material is not discoverable.

The respondents contend that their statements are privilege communication under A.R.S. § 12–2234 (attorney-client). To support this contention respondent Lee furnished an affidavit that he intended his statement, submitted to his insurer, to be a private communication, and he intended for the statement to be transmitted to counsel retained by the insurer to defend him. It must be noted that the respondent states that he furnished the statement to comply with a provision of his insurance policy requiring him to cooperate and inform fully his insurance carrier as a condition of coverage.

The statements given by respondents are not covered under the protection of the attorney-client privilege. The statement to the insurance carrier is vastly different from the situation of a client confiding information to his attorney. As was noted in *Jacobi v. Podevels,* 23 Wisc.2d 152, 127 N.W.2d 73 (1964):

> "When the insured makes such a statement he is ordinarily fulfilling a condition of his policy, requiring him to notify the insurer of the occurrence and circumstances of the accident and to cooperate with the insurer. If the statement be false, the insurer may use it against the insured as foundation for a claim of noncooperation. If the statement discloses facts giving rise to some other defense against the insurer's liability under the policy, the insurer is doubtless free to make use of those facts. Because of these factors it is not wholly correct to say that a communication from insured to insurer is the same as a communication of client to attorney." 127 N.W.2d at 76.

The insurance carrier is more than a mere agent transmitting the policyholder's statement to the attorney hired to defend the insured.

The insurance carrier has the right to review and consider the statement submitted by the insured for any legitimate purpose connected with the business of the company. Coverage, cooperation, and renewal are a few of the matters, in addition to consideration of the potential claim, for which the insurer may use the statement of the insured. The use of the statement for a purpose adverse to the interest of the insured is certainly inconsistent with the claim of privilege upon his behalf.

The order of the superior court denying production of the respondent physician's statements is set aside, and this cause is remanded to the superior court for further proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.