586 P.2d 1313

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Jack T. Arnold, Judge of the Superior Court, Respondent,

and

Alix R. Magid, Real Party in Interest.

No. 2 CA–CIV 2989.

Court of Appeals of Arizona, Division 2.

Sept. 25, 1978.

Rehearing Denied Oct. 25, 1978.

Review Denied Nov. 14, 1978.

Stephen D. Neely, Pima County Atty. by Jesse J. Figueroa, Deputy County Atty., Tucson, and Tom Zouvada, Student under Rule 28(e), for petitioner.

Chandler, Tullar, Udall & Redhair, by Robert E. Lundquist, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

The real party in interest is the defendant in a pending prosecution for vehicular manslaughter. The subject of this special action is an order of the respondent court granting her motion for a protective order which precluded the state from taking the deposition of Lionel L. Brown, a claims adjuster for State Farm Insurance Company. Since petitioner has no remedy by appeal, and the circumstances require appellate intervention by way of special action, we assume jurisdiction.

Real party in interest (hereinafter defendant), an insured of State Farm, was involved in a car accident on June 17, 1977, which resulted in the death of the passenger. On June 20, 1977, defendant was charged by direct information with vehicular manslaughter. On June 22, she retained and consulted with an attorney. During their conference, counsel ascertained that defendant had notified her insurance carrier, State Farm, of the accident but had given no details. The following day, the attorney contacted Mr. Brown and advised him that he was representing defendant in connection with the criminal charge. Mr.

Brown informed the attorney that he would be handling the case on behalf of State Farm, and desired to begin his investigation of the accident, including taking defendant's statement. According to Brown's affidavit submitted to the respondent court, he asked the attorney's permission to take the defendant's statement and:

"We discussed the fact that the interests of State Farm in a potential civil claim and the interests of Miss Magid with respect to the criminal charge were not adverse, and that it would be mutually beneficial to cooperate in the investigation of the accident. We also discussed the possibility of a civil settlement and a misdemeanor compromise as a resolution to both problems. In return for permission to take the statement of Miss Magid, I agreed to cooperate with said attorney, maintain the confidentiality of the communication, to forward copies of said statement and any and all other investigative material which I developed in the case."

On June 27, 1977, defendant gave the claims adjuster her statement concerning the accident after he informed her, in response to her question as to whether the information she gave would be confidential, of the agreement with her attorney. As a result of the statement, the adjuster developed other information, copies of which were provided to defense counsel and to another attorney selected by State Farm to represent defendant in connection with the pending civil litigation. (The personal injury action was commenced after the criminal charge had been filed.)

The state sought to depose Mr. Brown and requested that he bring with him all records, affidavits and statements concerning the defendant arising out of the June 17, 1977, collision. Defendant then moved for a protective order prohibiting discovery of any statements made by her to the insurer or its agents and all investigative reports based on such statements or otherwise. The ground for the motion was that the information sought to be obtained was protected by the attorney-client privilege. Based on *Butler v. Doyle*, 112 Ariz. 522, 544 P.2d 204 (1975), and *State Farm Insurance Company v. Roberts*, 97 Ariz. 169, 398 P.2d 671 (1965), the respondent court denied the motion.

A second motion for protective order was then filed on the ground that Mr. Brown was defense counsel's investigative agent and the court in granting the second motion stated:

"The Court having been apprised of the fact that Mr. Lundquist as a criminal defense attorney was in actual contact with the adjuster Brown and on Mr. Lundquist's sworn statement that he ordered the taking of the statement from the Defendant, the Court feels that this factual situation would make the adjuster the agent of Mr. Lundquist at the time of taking the statement. That the agency herein does not arise by implication but by the actual factual situation and, therefore, the court feels that this information sought by the County Attorney is privileged . . . ."

Rule 15.4(b)(1), Rules of Criminal Procedure, 17 A.R.S., provides:

"Disclosure shall not be required of legal research or of records, correspondents, reports or memoranda to the extent that they contain the opinions, theories or conclusions of the prosecutor, members of his legal or investigative staff or law enforcement offices, or of defense counsel or his legal or investigative staff."

We agree with the respondent court that the defendant's statements to the adjuster are not covered under the protection of the attorney-client privilege. *Butler v. Doyle*, supra. We do not agree, however, that Mr. Brown was acting as defense counsel's investigative agent so as to preclude disclosure of the materials acquired during his investigation.

Defense counsel's position below was that Brown had been given authority by him to take the defendant's statement and develop information based thereon provided counsel would receive the benefits of such efforts and with the understanding of confidentiality. Therefore, he argues, this agreement made Brown his agent.

■ An agency relationship results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control with a correlative manifestation of consent by the other to act on his behalf and subject to his control. *Moss v. Vadman*, 77 Wash.2d 396, 463 P.2d 159 (1969); Restatement Agency, Second, § 1. A person is not an agent for another unless the other had a right to control the transaction in question and to have it done for his benefit. *Independent Gin Company, Inc. v. Parker*, 19 Ariz.App. 413, 508 P.2d 78 (1973). Mr. Brown was an agent for State Farm and, as such, had the responsibility for obtaining defendant's statement and to investigate the accident. Defense counsel had no right to control Brown's performance of these duties.

In order to avoid the operative effect of the non-cooperation clause of the insurance policy, the defendant was required to assist in the investigation of the accident. The fact that defense counsel permitted her to do so in exchange for Brown's promise of confidentiality and providing counsel with the fruit of investigation did not make Brown the agent of counsel.[1]

■ We believe the rationale of *Butler v. Doyle*, supra, is equally applicable here. As the court stated:

> "The insurance carrier is more than a mere agent transmitting the policyholder's statement to the attorney hired to defend the insured.
>
> The insurance carrier has the right to review and consider the statement submitted by the insured for any legitimate purpose connected with the business of the company. Coverage, cooperation, and renewal are a few of the matters, in addition to consideration of the potential claim, for which the insurer may use the statement of the insured. The use of the statement for a purpose adverse to the interest of the insured is certainly inconsistent with the claim of privilege upon his behalf." 112 Ariz. at 525, 544 P.2d at 207.

Defendant's reliance on *Bellmann v. District Court in and for the County of Arapahoe*, 187 Colo. 350, 531 P.2d 632 (1975), is misplaced. The Colorado Supreme Court, in holding that the insurance investigator who took the insured's statement was, in effect, an agent of the insured's attorney for the purpose of acquiring and transmitting this information to them, relied on *People v. Ryan*, 30 Ill.2d 456, 197 N.E.2d 15 (1964), which assumed "that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured". 197 N.E.2d at 17. In *Butler v. Doyle*, supra, our Supreme Court explicitly rejected this "agency" concept.

■ Since defendant did not establish that the material sought by petitioner was protected, her motion for a protective order should not have been granted. We therefore grant relief and direct the respondent court to enter an appropriate order consistent with this opinion.

HOWARD, J., and WILLIAM E. DRUKE, Judge, concur.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge WILLIAM E. DRUKE was called to sit in his stead and participate in the determination of this decision.

---

1. Contrary to the statement in the June 21 minute entry that counsel "ordered the taking of the statements from the Defendant", the record indicates only that Brown agreed to cooperate with defense counsel in exchange for permission to take the defendant's statements.