714 P.2d 830

**Jerry D. KLAIBER, et al., Petitioners,**

v.

**Kathy P. ORZEL, et ux., et al.; Judge Robert B. Buchanan, Judge of the Superior Court, Respondents,**

and

**WAGON WHEEL POST BAR, Real Party in Interest.**

**No. 2 CA–SA 0245.**

Court of Appeals of Arizona, Division 2, Department B.

July 16, 1985.

Schwanbeck, Lane & Present by Victor R. Schwanbeck, Tucson, for petitioners.

Hazlett & Wilkes by Carl E. Hazlett, Tucson, for real party in interest.

## OPINION

LACAGNINA, Judge.

This special action was taken from an order of the trial court denying plain-

tiffs/petitioners' motion to compel discovery. Because the petition presents a significant issue regarding the showing required for discovery of trial preparation materials under Rule 26(b)(3), Rules of Civil Procedure, 16 A.R.S., and because petitioners have no adequate remedy by way of appeal, we accept jurisdiction. A.R.S. § 12–120.21; *Brown v. Superior Court in and for County of Maricopa,* 137 Ariz. 327, 670 P.2d 725 (1983).

The underlying tort action arose out of an automobile accident which occurred on November 27, 1983. The driver of the other car, Kathy Dilatush, was sued on grounds of negligence, and Jim Smith (dba Wagon Wheel Post Bar) was named as a defendant, alleging liability under the provisions of Arizona's dram shop law, A.R.S. § 4–244. On March 29, 1985, plaintiffs filed a request for production from Smith of "[c]opies of all statements taken by Defendant's insurance agent or employees concerning the sale of liquor to the Defendant, KATHY DILATUSH, on November 27, 1983." Smith's response identified five such statements but refused to produce them on the ground they constituted the work product of defense counsel.

Plaintiffs then filed a motion to compel discovery, noting that the three statements at issue here [1] were made by Smith, Mayme Brady (Smith's mother), and Kathy Riordan, the bartender who had served Dilatush on the day in question. The motion explained that the requested statements were believed to contain information concerning the amount of alcohol consumed by Dilatush and the period of time for consumption and argued that they were sought for impeachment purposes, to determine the credibility of the witnesses, to "help problems of recollection," and to be used against hostile witnesses. Smith responded that plaintiffs were merely attempting to take advantage of the work done by Smith's counsel and that, because plaintiffs could obtain the "substantial equivalent" of the statements through dep-

ositions which had been or were scheduled to be taken, they had not made the showing required by Rule 26(b)(3). This rule, in pertinent part, provides:

*Trial preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Rule 26(b)(3), Rules of Civil Procedure, 16 A.R.S.

Our review of the trial court's order is rendered more difficult as a result of its failure to set forth the reasons for its denial of the motion to compel. Reiterating the words of the supreme court in *Brown v. Superior Court in and for Maricopa County,* supra, "In the future, we encourage trial judges to assist reviewing courts by stating on the record the specific reasons for their actions." 137 Ariz. at 331, 670 P.2d at 729, n. 5. As in *Brown,* we must presume that the trial court denied the motion for the reasons urged by Smith. We note that Smith did not claim before the trial court, or before this court, that the statements were protected by the attorney-client privilege or that they reflected counsel's "mental impressions, conclusions, opinions, or legal theories," and thus required protection under Rule 26(b)(3). The

---

**1.** The statement of witness Sandra Hunt was voluntarily produced. The statement of witness Quentin Peterson is no longer sought by plaintiffs.

sole grounds urged by Smith were that the statements were counsel's "work product" and that the plaintiffs could obtain the substantial equivalent of the prior statements by Smith, Brady and Riordan by taking their depositions. While we agree that the statements constitute "work product"—now "trial preparation materials" under Rule 26(b)(3), we do not agree that the depositions constituted a substantial equivalent and find that the trial court abused its discretion in denying the motion to compel.

Our courts have consistently held that statements of witnesses as well as parties are discoverable upon a showing of "good cause." Prior to 1970, discovery of such written statements was governed by former Rule 34, which required a showing of good cause for the production of any documents. In *Dean v. Superior Court*, 84 Ariz. 104, 324 P.2d 764 (1958), the supreme court held that written statements obtained from witnesses which were material to the issues raised by the pleadings were not immune from discovery as work product of the attorney, provided that the "good cause" requirement was met. In determining what constituted good cause, the court concluded:

> if the witnesses themselves are available to the party and can be interrogated or examined by him, there will ordinarily be no occasion for ordering production of their statements. Hence, a showing will usually be required that the witnesses are no longer available, or that the witnesses, even though they can be located, are hostile and will not furnish information to the party, or that for some other reason the information sought cannot be obtained elsewhere in spite of diligent effort. Where the moving party has obtained statements of prospective witnesses, discovery should not be denied as to the production of statements of the same witnesses obtained by the adversary when good cause is shown that the same are sought to impeach or determine the credibility of the witnesses.

84 Ariz. at 113, 324 P.2d at 770.

The court vacated the trial court's order for production on the ground, inter alia, that the requisite showing had not been made.

In *State Farm Insurance Co. v. Roberts*, 97 Ariz. 169, 398 P.2d 671 (1965), relying on the criteria set forth in *Dean*, the court upheld the trial court's finding of good cause to produce an adverse party's statement where the statement was given to the party's insurer shortly after the accident, the party was unable to recollect the contents of the statement at his subsequent deposition, and where the motion to produce was accompanied by counsel's affidavit that the statement was sought to impeach or determine the credibility of the party.

The 1970 amendments to the discovery rules deleted the general good cause requirement from Rule 34, but created a special requirement in Rule 26(b)(3) for tangible items prepared in anticipation of litigation. Both the comments to the amendments and subsequent cases indicate that there was no intent to materially change the standard applied under prior Rule 34 to the production of work product, now trial preparation materials. Rule 26(b)(3), Rules of Civil Procedure, 16 A.R.S. (State Bar Committee Note—1970 Amendment); *Longs Drug Stores v. Howe*, 134 Ariz. 424, 657 P.2d 412 (1983). Thus, in *Butler v. Doyle*, 112 Ariz. 522, 544 P.2d 204 (1975), the supreme court vacated the trial court's order denying production of statements given by the defendant doctors to their insurance carrier concerning their treatment of the plaintiff, reasoning as follows that the showing required by Rule 26(b)(3) was met:

> The statements prepared by the physicians giving a summary of their care of the patient are important to the preparation of petitioners' case. Statements given shortly after an occurrence are unique and can never be duplicated precisely .... The statements are more than impeachment material, for they may contain admissions helpful to the case of petitioners. There is no doubt that a

sufficient showing for discovery was made.

112 Ariz. at 524, 544 P.2d at 206.

More recently, the issue was again presented to the supreme court in *Longs Drug Stores v. Howe,* supra, in the context of a wrongful discharge action brought by a former employee, who sought and was granted production of statements and reports prepared by Longs' insurance carrier at the request of Longs' house counsel. Although the supreme court vacated the order with respect to the reports prepared for Longs, it upheld the order for production of witness statements, reasoning as follows:

Ordinarily, if witnesses are available and can be interviewed by a party, there will be no grounds upon which to order production of the statements taken by the opposition. *Dean v. Superior Court,* 84 Ariz. at 113, 324 P.2d at 770. If, however, good cause is shown that the statements are sought to impeach or determine the credibility of the witnesses, or there is a sufficient showing of the unavailability, hostility or problems of recollection of the witnesses, then the court may order the production of the statements. *See Hickman v. Taylor,* 329 U.S. [495] at 511, 67 S.Ct. [385] at 394 [91 L.Ed. 451 (1947)]; *Dean v. Superior Court,* 84 Ariz. at 113, 324 P.2d at 770; 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2025 (1970). Similarly, the trial court may order production upon a showing that the statements contain admissions or are unique because they were taken soon after the event. *Butler v. Doyle,* 112 Ariz. at 524, 544 P.2d at 206.

In this case, Sorman alleges that the statements may contain admissions helpful to the case. Sorman also claims that [counsel for Longs] had instructed Sorman's attorney not to interview any Longs employees except in [counsel's] presence. Under these circumstances, Sorman argues that it would be impossible to obtain the substantial equivalent of the statements procured by the investigator. The trial court could have determined that witnesses who are employees of the defendant might not be as forthcoming to the plaintiff as ordinary witnesses and that interviews in the presence of defense counsel would not be very useful or informative. Defendant argues that plaintiffs chose to do nothing, let the defense do all the work, and are now attempting to gain the benefits of defendant's preparation. While the record would support a finding to this effect and a consequent refusal to order production, the trial court apparently rejected that contention by ordering production of the statements. On these facts, it was within its discretion to do so.

134 Ariz. at 429, 657 P.2d at 417.

Although the court in *Longs* applied an abuse of discretion standard of review, it is not entirely clear from its opinion or, indeed, from prior cases, what the parameters of that discretion are. Clearly, the trial court has discretion to determine whether the matter sought is relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), Rules of Civil Procedure, 16 A.R.S.; see *Brown v. Superior Court,* supra. Further, in determining whether the requesting party has "substantial need" for the statements and cannot obtain the "substantial equivalent" without "undue hardship" by other means, the trial court in its discretion must be guided by the purposes behind the rule. As the supreme court stated in *Brown,*

The primary reasons for the protection given by Rule 26(b)(3) to materials prepared in anticipation of litigation are to maintain the adversarial trial process and to ensure that attorneys are adequately prepared for trial by encouraging written preparation.... Counsel should not be permitted or encouraged to try a case on 'wits borrowed from [an] adversary.' ... Further, an attorney or party's agent should not be deterred from adequately preparing for trial because of the fear that their efforts will be freely disclosed to opposing counsel.... On the other hand, the rules should be construed to

allow discovery of all relevant information, so that issues may be tried on the true facts. Any formula adopted to help determine whether material fits within Rule 26(b)(3) protection should attempt to reconcile these divergent views.

137 Ariz. at 334, 670 P.2d at 732.

Thus, the exercise of the trial court's discretion in each case must involve striking a balance between ensuring that counsel for the requesting party is not permitted to build his case on the work done by his opponents and fostering sufficient disclosure to enable the ultimate determination of the issues to be based on a full development and presentation of the relevant facts. The first element requires a consideration of the efforts made by counsel to obtain the same or equivalent material. The second element requires a consideration of the nature of the material and the purpose for which it is sought. Although no specific standard was articulated in *Longs*, we believe that this approach is consistent with that opinion and will assist the trial courts in ruling upon requests for production of trial preparation materials.

■ In the present case, it is clear that counsel has made genuine efforts to obtain a substantial equivalent of the prior statements by deposing those individuals and that the trial court could not reasonably have concluded otherwise. With regard to the second element, the trial court could have denied production of the prior statements only by concluding, as argued by Smith, that those depositions provided the plaintiffs with the substantial equivalent of their prior statements.[2] Under the circumstances of this case, we cannot agree.

As noted above, the persons whose statements were sought were a defendant, his mother, and an employee of the defendant who had served alcohol to the defendant driver on the day of the accident. The plaintiffs alleged that the prior statements were sought, inter alia, for impeachment and to determine the credibility of these persons.[3] If the statements in question are inconsistent with the testimony given in the depositions, then the depositions cannot possibly constitute substantial equivalents for purposes of impeachment or credibility, and the plaintiffs cannot determine this, much less make a showing before the trial court, without first being allowed to review the statements. If the statements are consistent with the deposition testimony, there can be no harm to Smith by their disclosure. However, if a party or witness has given inconsistent accounts of the events leading to the accident, this is a relevant fact which ought to be brought to the attention of the finder of fact in keeping with the purpose of the rules "to allow discovery of all relevant information, so that issues may be tried on the true facts." *Brown v. Superior Court*, supra, at 334, 670 P.2d at 732.

For these reasons, we conclude that the plaintiffs made the required showing under Rule 26(b)(3) and that the trial court abused its discretion in denying the motion to compel discovery. The order of the trial court is vacated, and the cause is remanded for further proceedings consistent with this opinion.

HATHAWAY, P.J., concurs.

LIVERMORE, Judge, concurring:

There is no question that the statements sought in this case are work product. Given that such statements are routinely produced in criminal cases, it is somewhat difficult to understand why they should be accorded protection from discovery. Two reasons are commonly advanced. First, it is said that an attorney ought not be able to rely supinely on his adversary to do the

---

2. There can be no question that the general requirements of Rule 26(b)(1) are met in that Smith's statements would be otherwise admissible at trial as non-hearsay admissions by a party-opponent under Rule 801(d)(2) and the witnesses' statements admissible under Rule 801(d)(1), Rules of Evidence, 17A A.R.S.

3. Because of our disposition of this issue, we do not address the question of whether plaintiffs made a sufficient showing as to alleged hostility or recollection problems.

work of trial preparation and then to obtain it so as to avoid doing his own work. In a phrase from *International News Service v. Associated Press,* 248 U.S. 215, 239, 39 S.Ct. 68, 72, 63 L.Ed. 211, 221 (1918), a party should not "reap where it has not sown." Whatever the surface plausibility of this "fair's fair" notion, and its plausibility is questionable given that it requires the expense of duplicative efforts, it has no application on the facts of this case where each of the witnesses had been deposed by plaintiff's counsel. If a precondition to discovery of such statements is that the adversary first have expended substantial effort at his own discovery, that precondition has been met.

The other argument for work product protection is that lawyers will be discouraged from taking statements if such statements are discoverable. This, it seems to me, presupposes an unattractive view of lawyers. If it means that lawyers will not prepare at all, if preparation must be shared, it seems wrong. If it means that lawyers will not reduce statements to written form so as to avoid revelation for fear that such statements might harm their cause, that would require us to view lawyers as people who will connive at suppression of the truth even at the expense of foregoing the possible utility of such statements to their own cause for impeachment. Either alternative is an ugly one as it reflects on the nature of the legal profession. And the latter alternative would only push the discovery question to the issue of the propriety of deposing the person who orally interviewed a witness.

On the facts of this case, there appears to be no strong policy reason to deny production of the statements in issue. On the other hand, plaintiff's need for such statements is entirely speculative. The statements may contain facts then remembered but forgotten by the time of the depositions, may in the case of the party contain admissions, and may contain inconsistencies useful for impeachment. Every prior statement of a party or witness in every case may have such utility. No party seeking production will ever be able to demonstrate that fact because, until the statement is obtained, the demonstration cannot be made. But, as Judge Lacagnina observes, either the statements are useful to the party seeking production or are harmless to the party resisting it. If that is so, production should always be ordered. The very fact of resistance is a demonstration of utility to the adversary.

It is sometimes suggested that the trial judge view such statements *in camera* to determine their utility to the party seeking them before ordering production. 8 C. Wright and A. Miller, Federal Practice and Procedure § 2025 (1970). That ought not be required. First, it requires a significant expenditure of judicial time. On the facts of this case the judge would have to review all the depositions in order to see if omissions or inconsistencies existed between them and the prior statements. Second, that time would be expended solely to protect against revelation of that which is harmless should no omissions or inconsistencies appear. Public funds ought not be used for such a bootless enterprise. Finally, the trial judge from his position of relative ignorance of the facts and neutrality as to result is not situated to assess correctly the utility of the statement to the party seeking production.

The difficulty with the rule that witness statements must always be produced, at least where the party requesting them is not doing so to avoid doing his own preparation, is that it appears to fly in the face of the rule that ordering such production lies within the discretion of the trial judge. If, however, there are no criteria to guide that judgment, the judge's decision is not the exercise of discretion but of whim. I join Judge Lacagnina's opinion on the ground that it requires the production of witness statements in every case once the party requesting it demonstrates that he has made reasonable steps to discover the facts known by that witness. See 8 C. Wright and A. Miller, Federal Practice and Procedure § 2028 (1970).