714 P.2d 813

**Jerry D. KLAIBER, et al., Petitioners,**

**v.**

**Kathy P. ORZEL, et ux., et al.; Judge Robert B. Buchanan, Judge of the Superior Court, Respondents,**

**and**

**WAGON WHEEL POST BAR, Real Party in Interest.**

**No. 18374–PR.**

Supreme Court of Arizona, En Banc.

Jan. 31, 1986.

Schwanbeck, Lane & Present by Victor R. Schwanbeck, Tucson, for petitioners.

Hazlett & Wilkes by Carl E. Hazlett, Tucson, for real party in interest.

GORDON, Vice Chief Justice.

This action arises out of a fatal car accident which occurred on November 27, 1983. At approximately 6:20 p.m. a car driven by Kathy Dilatush (Orzel) and carrying Sandra Hunt as a passenger, crossed the center line and crashed head-on into the Klaibers' car. Jeannette Klaiber was killed while Jerry and Leslie Klaiber were injured. It was determined that Dilatush had a blood alcohol content of .24 percent, more than twice the legal limit. Prior to the accident Dilatush and Hunt were served alcohol at The Wagon Wheel Post Bar, owned by Jim Smith. Klaiber sued Dilatush for negligence and Jim Smith, dba The Wagon Wheel alleging a violation of A.R.S. § 4–244, Arizona's dram shop law.

On March 29, 1985, Klaiber filed a request for production from Wagon Wheel asking for "copies of all statements taken by Defendant's insurance agent or employees concerning the sale of liquor to the Defendant, Kathy Dilatush, on November 27, 1983". Wagon Wheel's response identified five individuals who were interviewed:

1) Sandra Hunt
2) Mayme Brady [Jim Smith's mother & noteholder on The Wagon Wheel]
3) Kathy Riordan [bartender who served Dilatush and Hunt]
4) Jim Smith [owner of The Wagon Wheel]
5) Quentin Peterson [Wagon Wheel patron]

Wagon Wheel's response claimed that the actual statements were privileged as work product and therefore not discoverable. The statements were taken eight and nine months after the date of the accident. The statement of Sandra Hunt was eventually produced voluntarily and the statement of Quentin Peterson is no longer sought. Klaiber deposed the three remaining witnesses, but their responses to questions indicated an inability to clearly recall what had taken place on the day of the accident or what they had told the insurance agent.

Klaiber filed a motion to compel which was denied by the trial court. The motion argued that, "the requested statements are believed to contain information concerning the alcohol consumed [by Dilatush] and the period of time for consumption". Further it was argued, "These statements are sought to impeach the witnesses, to determine the credibility of the witnesses, and believe will help problems of recollection of the witnesses". Finally, the motion indicated that the statements would be used against hostile witnesses, citing *Longs Drug Store v. Howe*, 134 Ariz. 424, 657 P.2d 412 (1983).

Klaiber filed a special action in the court of appeals seeking to compel discovery of the statements. In an opinion filed July 16, 1985, *Klaiber v. Orzel*, 148 Ariz. 337, 714 P.2d 830, the court granted relief to Klaiber and overruled the decision of the trial court. We agree with the result reached by the court of appeals but write this opinion in order to modify the broad interpretation given to Rule 26(b)(3), Ariz. R.Civ.P.[1] The appeals court opinion essentially requires only that the witnesses in question be deposed and that there be some speculation that the statements made months before might be different from those given in subsequent depositions in order to avoid the thrust of Rule 26(b)(3).[2]

---

1. The Arizona Rules of Civil Procedure will hereinafter be referred to as Rule ——.

2. "(3) *Trial preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery

We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Sp.Act. 8.

Trial preparation materials (work product) are generally divided into three categories:

1) an attorney's or his representative's mental impressions or legal theories;

2) a person's own statements; and

3) other statements, documents and tangible things.

Rule 26(b)(3).

Mental impressions and legal theories of an attorney or his representative are not discoverable under most circumstances. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Brown v. Superior Court In and For Maricopa County*, 137 Ariz. 327, 337, 670 P.2d 725, 735 (1983). A person is entitled to discover his or her own statement as a matter of right. No showing of need must be made. *Tury v. Superior Court*, 19 Ariz.App. 169, 505 P.2d 1060 (App.1973).

A person seeking discovery in the third category (other statements, documents and tangible things) must show that there is a substantial need and that their substantial equivalent cannot be obtained without undue hardship. Rule 26(b)(3); *Butler v. Doyle*, 112 Ariz. 522, 544 P.2d 204 (1975). No longer is the terminology "good cause" and "work product" as used in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and *Dean v. Superior Court*, 84 Ariz. 104, 324 P.2d 764 (1958) employed in Rule 26(b)(3), however Arizona has always conformed to the Hickman rule of discovery of an attorney's trial preparation materials. *Longs Drug Store v. Howe*, 134 Ariz. at 428, 657 P.2d at 416. The primary reasons for the protection given by Rule 26(b)(3) to materials prepared in anticipation of litigation are to maintain the adversarial trial process and to ensure that attorneys are adequately prepared for trial by encouraging written preparation. *Brown v. Superior Court In and For Maricopa County*, 137 Ariz. at 334, 670 P.2d at 732. On the other hand, the rules should be construed to allow discovery of all relevant information, so that issues may be tried on the true facts. *Id.*

The statements requested by Klaiber are trial preparation materials within the meaning of Rule 26(b)(3). *See Longs Drug Store v. Howe, supra; Dean v. Superior Court, supra; Butler v. Doyle, supra.* However, it has previously been held that statements taken from an insured by insurance investigators in situations similar to the present are discoverable. *Longs Drug Store v. Howe, supra; St. Farm Ins. Co. v. Roberts*, 97 Ariz. 169, 398 P.2d 671 (1965); *State v. Superior Court*, 120 Ariz. 501, 586 P.2d 1313 (App.1978).

The following circumstances are well recognized bases for disclosure of witnesses' statements under the "substantial need" and "undue hardship" test of Rule 26(b)(3): (1) hostility of a witness; (2) inability of a witness to recall details about the event; (3) substantial contemporaneity of the statement with the occurrence at issue; (4) the statements are sought to impeach or determine the credibility of a witness, and (5) the statements contain admissions. *Longs Drug Store v. Howe, supra*, 134 Ariz. at 429, 657 P.2d at 417; 4 J. Moore, *Federal Practice*, § 26.64 (1984); 8 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2025 pp. 215–219 (1970).

We would allow the requested discovery not based on factor (4) above, but because the witnesses are, in fact, hostile and the depositions did produce major conflicting evidence. The "substantial equivalent" of the statements cannot be obtained through other methods of discovery, even though Klaiber deposed the witnesses. In both Klaiber's motion to compel discovery and

has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

petition for special action the allegation was made that the statements sought were of hostile witnesses. In neither the objection to motion to compel discovery, response to petition for special action nor the petition for review to this Court did Wagon Wheel deny that the three witnesses in question were hostile.

The reasonable factors giving rise to the apparent hostility are not in dispute. Jim Smith is the defendant in this case. Logically, adverse parties (those who are not simply nominal parties) are necessarily hostile within our adversarial system. Mayme Brady is the defendant's mother and the noteholder on The Wagon Wheel. Originally she was named as a defendant. She certainly has a strong interest in the outcome of the litigation since her security interest would most likely be adversely affected by a judgment against her son. Kathy Riordan can be considered hostile since she was the bartender who served Dilatush allegedly past the point of intoxication. Riordan was more than a mere employee of The Wagon Wheel, she was potentially liable both civilly and criminally for serving Dilatush. *See* A.R.S. § 4–244.

We believe the determination of whether a witness should be deemed hostile is a factual question based on the particular circumstances of each case. Even though Klaiber took the deposition of the three witnesses, "the taking of a deposition from a hostile witness may not provide the substantial equivalent of the information he has given to a party to whom he is not hostile". 8 Wright & Miller, *supra*, § 2025 at 219. In this case, it is extremely unlikely the witnesses were hostile to their own insurance carrier, thereby making those earlier statements inherently more reliable. *See* 4 Moore at 26–376, ("Other relationships between the witness and one of the parties, if likely to make candor questionable, may be considered by the court").

The witnesses' depositions were in substantial conflict regarding a number of important facts; therefore Klaiber would be unable to receive the substantial equivalent to the statements given to the insurance

investigator at the earlier date. Sandra Hunt testified at her deposition that she and Kathy Dilatush left The Wagon Wheel at approximately 6:00 p.m. The statement of Dilatush supports the statement of Hunt regarding the time the two left the bar.

Kathy Riordan, the bartender, gave a statement to the insurance investigator on September 14, 1984. In her April 12, 1985 deposition she indicated that Dilatush left the bar around 2:30 p.m. and not 6 p.m. She also stated that Dilatush consumed only one or two beers. Mayme Brady gave a statement to the insurance investigator on September 14, 1984. In her May 15, 1985 deposition it was established that she was at The Wagon Wheel on the day of the accident. Brady described Dilatush as 5' 4" with light hair. Dilatush is 6' with long black hair. Also the time as to when she recalled Dilatush left the bar is inconsistent with the statements of Hunt and Dilatush. Jim Smith was not present at The Wagon Wheel on the day of the accident. His statement to the insurance investigator was given on September 14, 1985. In his December 20, 1985 deposition he testified that he recalled having conversations with people who said Dilatush left the bar at 4 p.m. Although the record on review is limited, neither party disputes the above inconsistencies.

The court of appeals chose to base its decision to allow discovery on the fact that the statements would be useful for impeachment in that they were inconsistent with deposition testimony. The appeals court decision not only interpreted Rule 26(b)(3) extremely broadly, but also went considerably beyond the principles outlined in J. Moore, *Federal Practice, supra* and C. Wright and A. Miller, *Federal Practice and Procedure, supra.*

Moore specifically states, "most courts have held that a mere suspicion of impeaching material is not sufficient to justify ordering the production of witness statements". § 26.64, p. 26–377. This position is echoed by Wright and Miller who state, "although a party is entitled to production of documents that would be useful to im-

peach a witness, his mere surmise that he might find impeaching matter has been held not sufficient to justify production". § 2025, at pp. 226–227. These authors further note that it is difficult to make a showing that a statement contains impeaching matter if the party seeking it has not seen the statement, suggesting an in camera examination may be needed. *Id.* at 228. A trial judge would be in the best position to determine whether the statements in question were even relevant after an in camera inspection. *See Jolly v. Superior Court of Pinal County,* 112 Ariz. 186, 192, 540 P.2d 658, 664 (1975). When such a dispute arises, the court should make an in camera inspection of the statements in order to determine whether production should be ordered. *See Fenton v. Howard,* 118 Ariz. 119, 122, 575 P.2d 318, 321 (1978).

Our reading of case law and the above authorities leads to the conclusion that the appeals court relied unnecessarily on the broadest of all circumstances to force disclosure. The appeals court stated:

> "If the statements in question are inconsistent with the testimony given in the depositions, then the depositions cannot possibly constitute substantial equivalents for purposes of impeachment or credibility, and the plaintiffs cannot determine this, much less make a showing before the trial court, without first being allowed to review the statements. If the statements are consistent with the deposition testimony, there can be no harm to Smith by their disclosure."

148 Ariz. at p. 341, 714 P.2d at p. 834.

■■■ Due to the disposition of the case on impeachment grounds, the appeals court did not address the question of whether Klaiber made a sufficient showing as to alleged hostility or recollection problems of the witnesses. However, we hold that when a number of witnesses, all of whom have an interest in the proceedings, testify on deposition to inconsistent versions of a single event which all witnessed or had information regarding the event, substantial need exists for disclosure of their earlier individual statements to an insurance investigator. It is insufficient if a party merely surmises that a witness' statement may be different from his deposition to satisfy the "substantial need" and "undue hardship" test of Rule 26(b)(3).

■■■ The standard of review employed by this court is whether the trial court abused its discretion in determining that the requirements of Rule 26(b)(3) have not been met. *Longs Drug Store v. Howe, supra; Brown v. Superior Court In and For Maricopa County, supra.* Based on the above, we believe the trial court abused its discretion by refusing to compel discovery of the witnesses' statements. The appeals court chose an unnecessarily broad interpretation upon which to reverse the trial court, thereby unduly broadening the "substantial need" and "undue hardship" test of Rule 26(b)(3). The court of appeals decision is approved as to its result and modified. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

HOLOHAN C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.