745 P.2d 156

**LUMBER COUNTRY, INC., an Arizona corporation; Edward Cermak and Janet Cermak, individually and as husband and wife, Petitioners,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF MARICOPA, Honorable Robert L. Gottsfield, a judge thereof, Respondent Judge.**

**Jimmy LEWALLEN and Nanette Lewallen, husband and wife, Real Parties in Interest.**

**No. 1 CA–SA 164.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 6, 1987.

Review Denied Nov. 17, 1987.

Snyder, Robens & Wenner, P.C. by Howard M. Snyder, Phoenix, for petitioners.

David L. Sandweiss, Phoenix, for real party in interest.

JACOBSON, Judge.

The issue presented in this special action is whether the trial court erred in ordering defendants/petitioners, Lumber Country and Edward and Janet Cermak, to produce certain statements, sought in the course of discovery, which were made by Edward Cermak and a witness to defendants' insurer. They argue that plaintiff/respondent, Jimmy Lewallen, failed to meet the "substantial need" and "undue hardship" requirements of Rule 26(b)(3), Arizona Rules of Civil Procedure as defined in *Klaiber v. Orzel*, 148 Ariz. 320, 714 P.2d 813 (1986).

The parties shall be referred to as they appeared in the trial court.

This issue arises from an accident which occurred on March 21, 1985, when a motorcycle driven by John Lewis Smith collided with a pickup truck driven by Cermak, who was employed by Lumber Country. The motorcycle bounced off the pickup truck and hit Lewallen, causing injury. The accident was witnessed by Jerry Bauler.

Two months after the accident, insurance investigators for the defendants took the statements of Cermak and Bauler. On June 17, 1986, Lewallen served defendants with a Request for Production of Documents which asked for: "All written or recorded statements of any party or witness in or to this action pertaining to the matters alleged in the complaint." Defendants objected to the discovery of Cermak's and Bauler's statements on the grounds that they were taken in anticipation of litigation, and thus were protected from discovery as work-product under Rule 26(b)(3) unless Lewallen could meet the "substantial need" and "undue hardship" test imposed by the rule.

The relevant portion of Rule 26(b) states:

... [a] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

A Motion to Compel Discovery was filed on February 12, 1987, seeking the production of the two statements. After oral argument, the trial court granted Lewallen's motion and ordered the defendants to produce the two statements. With regard to Cermak's statement the trial court found:

Plaintiff has met the "substantial need" and "undue hardship" test of *Klaiber* and Rule 26(b)(3) in that said adverse parties are hostile as a matter of law under *Klaiber*, the contemporaneity of the statement ( ... 2 months with respect to Cermak); the statements are sought to impeach or determine the credibility of the party and such statements could be admissions of a party. The Court is fully advised that neither Smith nor Cermak's depositions have been taken by [Lewallen] at this stage of the proceeding and [Lewallen] has not attempted to take either deposition. The Court feels it is unnecessary under *Klaiber* for [Lewallen] to first take the deposition of an adverse party as it could easily necessitate a second deposition of the same party after disclosure of the statement. The Court is further of the view that Smith and Cermak are adverse parties to [Lewallen] solely by virtue of their status as Defendants. It is the Court's view that that finding standing alone would be sufficient to cause production of the statements by Smith and Cermak even without a showing that the statements were made close to the event, are made to impeach, or contain admissions.

As to Bauler's statement the trial court found that:

Plaintiff has satisfied the "substantial need" and "undue hardship" test in that the witness is hostile (that he is one of the witnesses named by Defendants Cermak and Lumber Country, Inc. as a witness whose testimony supports the comparative fault allegations of the answer) and the statement was made close to the time of the event (2 months). The Court is not finding that this witness cannot recall substantive details about the event.

The trial court based these findings on its interpretation of *Klaiber*. *Klaiber* defined what circumstances constituted "substantial need" and "undue hardship" for purposes of Rule 26(b)(3): (1) hostility of the witness; (2) inability of the witness to recall details about the event, (3) substantial contemporaneity of the statement with the occurrence at issue; (4) the state-

ments are sought to impeach or determine the credibility of a witness; and (5) the statements contain admissions. *Klaiber,* 148 Ariz. at 323, 214 P.2d at 816, citing *Longs Drug Store v. Howe,* 134 Ariz. 424, 657 P.2d 412 (1983); 4 J. Moore, *Federal Practice,* § 26.64 (1984); 8 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2025 pp. 215–19 (1970).

Defendants have sought review of the trial court's order by this special action. Since the statements involved came from two different classes of witnesses, a party defendant and a non-party, we will discuss the discoverability of their statements separately.

### Production of Defendant
### Cermak's Statement

We turn first to the trial court's order requiring the production of defendant Cermak's statement. Specifically, objection is made to the portion of the trial court's conclusion that: "... Smith and Cermak are adverse parties to [Lewallen] solely by their status as Defendants. It is the Court's view that that finding alone would be sufficient to cause production of the statement...." If adverse parties are hostile as a matter of law, defendants argue, then such party's statements would be required to be produced as a matter of course and would render the protection afforded by the "substantial need" and "undue hardship" test of Rule 26(b)(3) a nullity.

We agree with defendants that more must be shown to meet the hostility requirement stated in *Klaiber* than the mere fact that the two parties are adverse. As the supreme court noted in *Klaiber,* adverse parties are necessarily hostile within our adversarial system. The court went on to state that the trial court should inquire further into the circumstances of each case before labeling a party as hostile. *Klaiber,* 148 Ariz. at 324, 714 P.2d at 817. Thus it is clear that the "hostility" flowing from the relationship of the parties in the litigation is not the type of "hostility" which will alone satisfy Rule 26(b)(3). Nor are we aware of any cases in which a court has found that being adversaries, without

more, is sufficient to require discovery of work-product information. In fact, the opposite is true.

Cases from other jurisdictions reveal that courts will not allow discovery of a witness' statement without some demonstration by his demeanor that he is a hostile witness toward the party requesting discovery. *Howard v. Seaboard Coast R. Co.,* 60 F.R.D. 638 (D.C.Ga.1973) (unsupported supposition that a witness employed by an opposing party would be reluctant to give testimony because of employment status is insufficient to compel discovery), *Almaguer v. Chicago, Rock Island & Pacific Railroad Co.,* 55 F.R.D. 147 (D.C.D.Neb. 1972) (fact that witness was employee of defendant not sufficient to show either "need for the statement given the employer or an inability to get the substantial equivalent.") Although these cases do not involve parties, we believe the underlying principle is still applicable. To read *Klaiber* as expansively as the trial court does would seriously erode the protection provided by Rule 26(b)(3). Such an interpretation would reward the non-industrious party by simply allowing the production of statements without pursuing more traditional forms of discovery.

Here, Lewallen has not even attempted to show that Cermak has refused to respond to any questions. In fact, Lewallen has not made an attempt to depose Cermak. Without any evidence of a showing that Cermak is reluctant to testify, is evasive or refuses to provide information, he cannot be characterized as "hostile" within the meaning of *Klaiber.* Therefore, the trial court erred in ordering defendants to produce Cermak's statement based solely on his status as a party litigant.

We next address the contention that the defendants are required to produce Cermak's statement based on its use for possible impeachment, that it might contain admissions, or due to the contemporaneity of the statement. With regard to the first two grounds, the supreme court in *Klaiber* stated that "mere surmise that a witness' statement may be different from his deposition" is not enough to compel discovery

of the prior statement. 148 Ariz. at 325, 714 P.2d at 818. Here, respondent acknowledged that it was "unknown whether the statements contain impeachment materials or admissions of parties since we have never seen it." This admission indicates that the request for the statement was based on "mere surmise," and thus does not constitute a sufficient basis for requiring production under *Klaiber.*

■ The last basis for the trial court's order requiring the production of Cermak's statement was that it constituted a contemporaneous statement. A contemporaneous statement is one given in close proximity to the time of the accident and thus is unique, as it can never be precisely duplicated. *Gillman v. United States,* 53 F.R.D. 316 (D.C.N.Y.1971). However, this quality of uniqueness diminishes with the passage of time. As noted in *Hamilton v. Canal Barge Co.,* 395 F.Supp. 975 (E.D.La.1974): "a statement taken a week after an accident may be much less accurate than one taken a few hours after the accident, but virtually as valuable as one taken a month afterwards."

■ Cermak's statement was not taken immediately following the accident, but was taken two months later. In our opinion, the passage of two months is too remote in time for Cermak's statement to meet the contemporaneity factor enunciated in *Klaiber.* Finding no basis upon which to uphold the trial court's order requiring the production of Cermak's statement, it is set aside.

### Production of Bauler's Statement

Defendants next contend that the trial court erred in ordering the production of witness Bauler's statement on the grounds that Bauler is not a "hostile" witness and that his statement does not qualify as contemporaneous.

The trial court's determination that Bauler was a hostile witness was based solely on his being named as a witness by the defendants to support their comparative negligence claim. Defendants point out that Bauler, who is a friend of Lewallen, and who was also named as witness by Lewallen, stated in a deposition that he would like to see Lewallen receive whatever compensation that he is entitled to, and that Bauler never refused to provide Lewallen information concerning the accident. Defendants conclude that these facts clearly show that Bauler is not a hostile witness in fact within the meaning of *Klaiber.*

■ We agree that under the circumstances of this case, Bauler does not constitute a hostile witness. As we noted in our analysis of Cermak's statement, some indicia of hostility must be shown before a party will be deemed hostile for purposes of Rule 26(b)(3). The mere fact that a non-party witness has been listed to testify on one party's behalf does not make the witness "hostile" as to the other party. The trial court erred in requiring Bauler's statement to be produced on this ground.

Likewise, as Bauler's statement was taken at the same time as was Cermak's statement, our holding as to its contemporaneousness is equally applicable. We reverse the order of the trial court allowing the discovery of Bauler's statement.

KLEINSCHMIDT, P.J., and EUBANK, J., concur.