[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 20, 1998 the defendant filed its "notice of compliance" with this court's order of March 6, 1998 directing the defendant to file under seal certain documents which the defendant designates as protected from disclosure under both the attorney-client privilege and the work product exception available under Practice Book § 219, now § 13-3. In response to the court's invitation to submit in affidavit form such facts as the parties wish to offer in support of their position, the defendant has submitted affidavits from James R. Mutschler, the New England Regional claims manager for the CT Page 6749 defendant, and Michael E. Socha, team manager of the defendant's Glastonbury, Connecticut office. These affidavits are offered in an effort to persuade the court that 1) likely injury to the attorney-client relationship caused by disclosure outweighs the benefit that the plaintiff would derive from disclosure, and 2) that because the plaintiff has not elected to take the depositions of several of its employees she cannot show a substantial need for materials prepared in anticipation of the litigation. Practice Book § 219 (§ 13-3).
The Mutschler Affidavit
Mr. Mutschler makes two points with regard to the attorney-client privilege. He states that disclosure of the privileged information would "unfairly injure Liberty's long standing and on going attorney-client relationship" and that such disclosure would "negatively impact" and have a "chilling effect" on it. Nowhere in the affidavit does Mr. Mutschler state how or why that would happen if disclosure were ordered or what specific negative impacts or chilling effects disclosure would produce. The allegations therefore are general and conclusory in nature.
In arguing against the plaintiff's position of substantial need Mutschler argues that the plaintiff should first be required to submit proof of her allegations. To the extent that such is required at this stage of the proceedings the court ordered, and the plaintiff submitted, her offer of proof on January 30, 1998. In making this argument the court believes that Mr. Mutschler misses the point. The plaintiff should not be forced to prove her case independently of and as a precondition to her examination of evidence which is central to her case. Moreover, the defendant's position that the plaintiff could learn how and why it made its decision by deposing certain employees of the defendant would be unavailing and unproductive simply because the defendant's employees would never be permitted on the ground of attorney-client privilege to disclose the material contained in these documents.
Mr. Socha's affidavit likewise refers to a twenty year attorney-client relationship with Attorney Maher and makes the statement that disclosure would cause greater injury to this relationship than any benefit to be derived by the plaintiff. As with Mr. Mutschler, Mr. Socha fails to offer any facts to support this conclusory statement. CT Page 6750
The court has examined each of the documents individually in camera and is satisfied that because of the duration of the attorney-client relationship the privilege has been heightened.State v. Williams, 30 Conn. App. 654, 658 (1993). Initially it is noted that not all of the documents either contain or refer to material that is even arguably protectable. The remaining documents are arguably protectable because they clearly contain or refer to a legal opinion of Attorney Kevin Maher without stating the contents of that opinion.
The court has weighed all of the factors mentioned in its decision of March 6 and concludes that the materials and documents in question contain materials which are central to the plaintiff's claim of bad faith. Any generalized, non specific and non predictive injury which the defendant claims will befall its relationship with Attorney Maher is substantially outweighed by this plaintiffs need to examine these documents to enable her to develop factually the core of her case. Kliber v. Orzel,714 P.2d 830 (Ariz. 1985). Accordingly, court denies the defendant's motion for oral argument on motion for reconsideration dated April 22, 1998.
The court notes that since this case commenced in 1990, the plaintiff has filed nine revised complaints with the last one coming on May 9, 1997. The last operative pleading filed was the defendant's answer and special defenses dated August 22, 1997. The plaintiff has neither replied to nor moved to address any of the special defenses. Thus, eight years from return day the pleadings are still open. The court will not tolerate any further delays in closing the pleadings. Accordingly, the court orders the plaintiff to file her reply to the special defenses together with a certificate of closed pleadings within one week of the date of this decision or face dismissal.
MOTTOLESE, JUDGE